# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## A. H. DETWILER *vs.* CHRISTOPHER GREEN.

### January Term, 1865.

1. The reading of a deposition on the trial of a cause, cannot be objected to, when it appears that, when the same was taken, the party wishing to reject it, or his counsel, was present and cross-examined the deponent.

2. Although an agent does not disclose his agency at the time of purchasing property, the principal is bound to pay for the same if he receives the property and converts it to his own use, provided the agent acted within the scope of his authority; or varying from the authority originally designated, and the principal subsequently becoming cognizant of that fact, acquiesces thereto by receiving the property.

3. Where a special agreement between a principal and his agent has been proven, in a cause wherein the principal is a party, it is not competent to admit proof of a special custom of a particular locality, although it may be that where the agent transacts the business, regulating the dealings between other principals and agents.

4. It is not error in the circuit court to instruct the jury that, if they are satisfied from the testimony, that an agent was authorized to go into the market and buy wheat generally, for a principal, or if he was authorized to make contracts for wheat and repay himself by drafts on the principal : or, if from the course of dealing, the jury is satisfied that the agent was in the habit of buying wheat and forwarding it to the principal and that he knowingly received it as being in greater amount than his advances of cash, that then the principal would be liable, unless the principal had in the due course of business between himself and the agent, touching the premises, made advances to the agent sufficient to pay for the wheat so received : or he would be liable for so much as may not be covered by such advances. Or, if the jury should find that the principal had received wheat beyond the amount of the advances, and which was sold to the agent, and by him purchased as the private agent of the principal, he would be liable to the amount of such wheat in excess over the advances, to the amount of his proof.

In August, 1858, *Theodore F. Hall*, of *Marietta, Ohio*, being in the city of *Wheeling*, was employed by *A. H. Detwiler* of the firm of *A. H. Detwiler & Co.*, which consisted of *Francis R. Shipper, Isaac Detwiler* and said *A. H. Detwiler*, to purchase wheat in the State of *Ohio* for said firm and forward it

to them at *Wheeling*.   In proceeding to execute his agency he purchased among other lots of wheat, that for which this action of assumpsit was originally brought in the circuit court of *Ohio* county by *Christopher Green*, on the 11th day of January, 1859.   The receipt on which said action was founded was in these words and figures:

"Received, *Newport*, October 30th, of *C. Green*, 399 bushels white wheat, at 1 dollar and 5 cents per bushel, and 73 60-100 red do., at 1 dollar per bushel; also 103 barrels at 25 cents each, and 9 do., at 30 cents each."

$520.79.                              A. H. DETWILER & CO.

                                      per *T. F. Hall*, Agent.

Subsequently, and before any trial in the cause, the plaintiff abated the suit, as to *Francis R. Shipper* and *Isaac Detwiler*, the sheriff's return showing that they were no inhabitants of his bailiwick.

On the trial of the cause in the circuit court, the plaintiff, *Green*, offered in evidence the deposition of *Theodore F. Hall*, who proved, that in August, 1858, he was the agent of *A. H. Detwiler & Co.*, and began to purchase wheat for them about that time, and had orders to stop buying in the latter part of October, following; that he purchased of plaintiff for defendant four or five hundred bushels of wheat before his agency was revoked, and had not paid for the same; that he was to buy wheat by weight and receive compensation for his services at the rate of five cents per bushel; that it was customary with himself and other agents in his neighborhood to buy wheat and ship it before it was paid for, and the statement filed with his deposition was a true list of wheat purchased for defendants and the money he had received from them.   On the cross-examination by the defendants' attorney he stated that he was not authorized to buy wheat on credit for defendants, except that he was authorized to receive wheat on deposit to be paid for at market price when demanded; that he was not authorized to give the notes of the defendants for wheat on deposit or otherwise, but that he was authorized to give receipts under similar circumstances, and had done so; that he had informed

defendants of his receiving wheat on deposit; that the receipt given to the plaintiff was not dated back that he remembered, but possibly might have been so; that he did not recollect of saying anything to the plaintiff at the time of the purchase of the wheat about his being the agent of the defendants; that it was not his custom to buy without disclosing his agency, but generally did so and spoke of defendants' ability to pay; that he had inserted an advertisement in the "*Marietta Intelligencer*," stating that he would pay the highest market price in cash for wheat without disclosing himself to be an agent; and that he did not remember of receiving a letter from the defendants about the latter part of September, 1858, requesting him to come to *Wheeling* and settle and close up their business; he had large quantities of wheat on hand at that time, not weighed, and had not money enough on deposit to pay for the same. On being re-examined by the plaintiff, he stated that shortly before the wheat purchased of plaintiff, *Green*, was shipped, defendant, *A. H. Detwiler* was at *Marietta*, and that witness informed him of the amount of wheat bought but not delivered or paid for, and mentioned that of plaintiff among other lots; that defendant requested him to send the wheat spoken of as fast as he could, and said that he would send down money to pay for it, and furnished him with 1,990 dollars at the time, and sent 3,000 dollars soon after he returned to *Wheeling*; which money witness paid out on wheat already forwarded, and defendant expressed himself well satisfied with this proceeding; that the reason plaintiff was not paid, was because no funds of the defendant were left in his hands; and that all funds supplied witness, by defendants, had been paid out for wheat purchased of other parties and shipped to defendants. There were annexed to the deposition of *Hall* several letters showing the receipt of wheat by the defendants, forwarded at various times by *Hall*, and the receipt of money by him, transmitted by the defendants; also showing that *Hall* had forwarded wheat which had not been paid for, and that he had purchased, and had in store, wheat amounting in value to a sum largely in excess

of funds belonging to the defendants in his hands; also a statement showing that he had forwarded wheat bought from other parties when there were no funds in his hands, and that funds had been supplied by defendants to pay for the same; and that after charging defendants with the whole amount of money paid by *Hall* on wheat, and adding thereto his commission, there was due him personally from defendants 380 dollars and 41 cents over and above the amount of money furnished by the defendants. It was also proven that on the 30th day of October, 1858, plaintiff delivered to *Hall* at *Newport, Ohio*, the wheat mentioned in the receipt heretofore described, which was thence shipped by him to defendants. To the introduction of this evidence, the defendant by his attorney excepted upon the ground that *Hall* not having disclosed his agency at the time of purchasing the wheat, was a party in interest and liable to plaintiff for the value of the wheat; but the court overruled the objection and permitted it to be read to the jury, when the defendant excepted thereto, which constituted his first bill of exceptions. The defendant offered to prove by *O. H. Pryor* and others that at the time of said transaction, and before, there was a general usage prevailing at the places where *Hall* purchased the wheat, and throughout the surrounding country, to the effect that agents for the purchase of wheat in *Ohio* for principals residing elsewhere, always purchased for cash and never on the credit of principals. The plaintiff by his attorney objected to the introduction of this testimony and the court sustained the objection; to which ruling the defendant also excepted. The defendant introduced other testimony tending to prove that at the time of the sale and delivery of the wheat by the plaintiff to *Hall* and the shipment to defendants, the plaintiff did not know that *Hall* was buying it for any other person, but sold it to him on his own credit only.

The defendant moved the court to instruct the jury that if they believed that the wheat was agreed to be sold by the plaintiff to *Hall* at *Marietta, Ohio*, where *Hall* resided, while the wheat was on the plaintiff's farm at *Newport, Ohio*, to be

afterwards delivered at *Newport*, and to be paid for at any time after delivery when the plaintiff should demand the price; and that if the jury believed that at the time of the contract of sale, the plaintiff did not know that *Hall* was acting as agent for the defendants, but made the contract with him on his credit alone: and if the jury believed that the wheat was afterwards delivered to *Hall* according to the contract and upon the credit of *Hall* alone, and not on the credit of the defendants; then, although the said *Hall* was the agent of the defendants to buy wheat at the time of said contract and delivery, and did buy the same as such agent for the defendants and did send the wheat to the defendants, yet the defendants were not liable to the plaintiff in this action for the price of said wheat: if the jury believed that the said *Hall* was not authorized to buy only for cash supplied and to be supplied for the purpose, by the defendants, or by reason of bills or drafts to be drawn by *Hall* on the defendants and to be discounted in bank. And in such case even if the said *Hall* had authority to buy wheat on the credit of the defendants they were not liable, if at any time before the defendants knew of the existence of the debt to *Green* for said wheat, they had in good faith and according to the terms of such agency, advanced the price thereof to said *Hall*, and paid him so much money that there was nothing due from said defendants to said *Hall* after crediting him with said wheat of *Green's* and all other proper credits as between him and the defendants, and so that the accounts between said *Hall* and the defendants could not afterwards be disturbed by the demand of said *Green* without injustice to them. Which instructions the court refused to give, and to this refusal the defendant excepted: but the court gave the following instructions: "The jury are instructed that if they are satisfied from the testimony in the case that the relation between the defendants and *Hall* was such that defendants furnished *Hall* with a sum or sums of money, and sent him into market simply to invest such moneys in wheat for them, then *Hall* had no authority to buy wheat for defendants on credit.

"But if the jury is satisfied from the testimony that *Hall* was authorized to go into the market and buy wheat generally, for defendants, or if *Hall* was authorized to make contracts for wheat and repay himself by drafts on defendants, or if from the course of dealing the jury are satisfied that *Hall* was in the habit of buying wheat and forwarding it to defendants, and defendants knowingly received it as being in greater amount than their advances of cash, that then defendants would be liable unless they had in the due course of the business of said defendants and *Hall*, touching the premises, made advances to said *Hall* sufficient to pay for the wheat so received, or he will be liable for so much as may not be covered by these advances. Or if the jury shall find that defendants have received wheat beyond the amount of the advances, and which was sold to *Hall* and by him purchased as the private agent of the defendants, the plaintiff would be entitled to recover to the amount of such wheat in excess over the advances to the amount of his proof."

The jury found a verdict for the plaintiff, of 520 dollars and 77 cents, the value of the whole amount of wheat sold by the plaintiff. After refusing to grant a new trial, the court gave judgment on the verdict.

A supersedeas was allowed by a judge of this court, upon a petition which set forth substantially the errors claimed in the bills of exceptions.

The petition was signed by *James S. Wheat*, but the cause was not argued for the plaintiff in error in this court.

*M. C. Good*, for the defendant in error, insisted in argument—

1st. That the verdict and judgment thereon, in the circuit court, is correct, and sustained by the law and the evidence in the cause.

2d. That *Theodore F. Hall* was the authorized agent of the plaintiff in error, to purchase said wheat, and that he was a competent witness for the defendant in error, and

that his deposition taken on the 9th day of May, 1859, was competent testimony in the cause: 1st, because he was a competent witness, having no interest in the result of the cause; and secondly, if interested, the exception for that cause should have been made at his examination, and such exception could not be taken after the plaintiff in error had cross-examined the witness and deposition returned.

3d. That the instructions asked from the court, by the plaintiff in error, on the trial of this cause, were properly refused by the court, and that the instruction given to the jury by the court was substantially, if not critically, correct. It was not prejudicial, certainly, to the plaintiff in error, and if liable to exception it was on the part of the defendant in error.

4th. That substantial justice was done by the verdict and judgment, as it is manifest, the plaintiff in error received and used the wheat of defendant in error, and it was never paid for, either by him or his agent.

HARRISON, J., delivered the opinion of the court.

This court is of opinion, that as the deposition of the said *Hall* was taken upon due notice and by proper authority, and that the said *Hall* was cross-examined by the plaintiff in error without objection at the time of taking the same, it was too late to object to reading the same as evidence on the trial of the cause, upon the ground of his alleged interest in the subject in controversy. Had that objection been made at the time of taking the deposition in the State of Ohio, the plaintiff could then have filed a release to the witness, and rendered him a competent witness, if he had an interest in the subject.

And the court is further of the opinion, that the record shows the said Hall to have been the agent of the plaintiff in error for the purchase of wheat, at the time the defendant in error sold his wheat to Hall; and that the plaintiff in error having received the said wheat from the said Hall, and appropriated the same to his use, he is bound to pay the defendant in error for the same.

And the court is further of the opinion, that the circuit court did not err in refusing to permit the custom stated in the second bill of exceptions, to be proved on the trial of the cause; nor did the circuit court err in refusing to give the instructions asked by the plaintiff in error, or in giving the instructions set out in the second bill of exceptions.

The judgment of the court below is therefore affirmed with costs.

JUDGMENT AFFIRMED.