| Jan'y Term, | Cunningham *vs.* Porterfield. | 1868. |
|---|---|---|

# Wheeling.

PATRICK CUNNINGHAM *vs.* WILLIAM R. PORTERFIELD, Adm'r.

## January Term, 1868.

An objection to the admissibility of a witness must be made and the point saved, or notice of intention to except to the ruling of the court admitting the witness must be given, before the jury retires. Therefore it is not error in a circuit court to refuse to set aside a verdict and grant a new trial, upon the ground of the inadmissibility of a witness who was sworn, after he had been objected to by the defendant, on his *voir dire*, and after which the counsel for the defendant stated that if the witness were regarded as competent he must submit, whereupon the witness was sworn in chief without further objection, and no notice of intention to save the point by bill of exception was then given.

This cause arose in *Berkeley* county in August, 1865. When the plaintiff, *William R. Porterfield*, administrator, was called as a witness he was objected to by the attorney for the defendant, at whose instance he was sworn upon his *voir dire*. Upon inquiry he stated that he was not a creditor of his decedent's estate, and had no interest direct or remote in his estate or the result of this suit. Whereupon the attorney for the defendant said, in the hearing of the court, if the witness was regarded as a competent witness he must submit; and the witness was accordingly permitted to be examined in chief without further objection, at any time during the trial.

The jury found a verdict for the plaintiff for the amount of the debt claimed in the declaration.

After the verdict the defendant moved the court to set aside the verdict and grant a new trial, upon the ground that it was rendered upon evidence wholly illegal and insufficient, which was refused and he excepted and the case came here on this exception.

*C. J. Faulkner* for plaintiff in error.
*Stanton & Allison* for defendant in error.

BROWN, President. At the trial the plaintiff, who had brought debt on a bond to him as administrator, was introduced as a witness under the statute, code of 1860, page 724, section 19, to prove the execution of the bond. The defendant by his counsel objected to his admissibility. The witness was then sworn and examined on the *voir dire*, after which the defendant's counsel stated, that if the witness was regarded as competent he must submit, and thereupon the witness was sworn and examined in chief, without further objection. No exception was taken, or notice of intention to do so before the jury retired. After verdict and judgment the defendant moved the court to set aside the verdict and judgment and grant him a new trial, upon the ground of inadmissibility in the witness, which motion was overruled. The only question is, was the failure to except to the opinion of the court, admitting the witness to testify in chief, a waiver under the circumstances of the objection first made or not? That such objection if relied on should have been saved by exception, or notice of intention to except, before the jury retired, is settled by the case of *Nadenboush* vs. *Sharer*, 2 West Virginia, 286; 15 Gratt., 122. And the reason is obvious, if the objection had been saved by exception, the plaintiff might have proved the same facts by other witnesses, and thus have avoided the objection.

I think, therefore, that there was no error in refusing to set aside the verdict. But that the judgment should be affirmed with costs and damages to the defendant in error.

The other judges concurred.

JUDGMENT AFFIRMED.