# WHEELING.

## LINSEY v. McGANNON.

### July 17, 1876.

1876.
June Term.

1. In a creditor's suit, the original plaintiff having obtained satisfaction of his debt, it is not error for him to have the fact entered of record, and have the suit dismissed as to him.

2. It is not error in such case, to retain the case on the docket, under the original title, for further proceedings in behalf of other parties, as no prejudice is done the original plaintiff thereby.

3 No objection or exception having been taken to the reading of a deposition of a witness in the court below, he being a competent witness, it is too late to raise the objection in the Appellate Court.

4. Although it is usual to state in a decree that the cause came on to be heard "upon the papers heretofore read," etc., it is not error to state in the final decree what papers were read by the court in its former proceedings.

5. If the court deems proper to consider the whole record of its former proceedings in the cause, before entering its decree, it is not error to state that fact in the decree.

6. Although it is irregular not to hear and consider the defendant's answer, upon rendering the decree, yet if the answer would not have changed the result, the Appellate Court will not reverse the decree, for that.

7. A homestead is not exempted from debts contracted before the declaration of the exemption was recorded, under *chapter one hundred and ninety-three, section ten, Acts* 1872-3.

8. It is error to decree a conveyance void, *in toto,* and to set it aside absolutely, when it is void only as to creditors, whose debts were

1876.
June Term.

Linsey
v.
McGannon.

contracted before the time of making the conveyance; but such error is not sufficient to reverse the decree, but may be corrected, and the decree affirmed as corrected.

Appeal from, and *supersedeas* to, decree of the municipal court of Wheeling, rendered on the twenty-eighth day of June, 1875. The appeal was taken by John McGannon and Maria McGannon, his wife, two of the respondents.

The complainants were Oliver Linsey, sueing for himself, and the other creditors of said John McGannon, who might choose to make themselves parties to the suit, and Joseph Clifford and the respondents, said McGannon and Maria, his wife, Thomas Seabrook, Jr., J. Hanson Good, trustee for the use and benefit of Jacob Berger and J. G. Hoffman, partners as Berger and Hoffman, and Patrick Kennedy, in certain deeds of trust executed by the said John McGannon. J. J. Wood, trustee, for the use and benefit of said Maria McGannon, wife as aforesaid, in a certain deed of trust executed by the said John McGannon and his said wife, and fully set forth in the said deed, to Johanna Small, Michael Schœmick, Samuel Aick and George W. Wilson.

The other material facts appear in the opinion of the court.

The Hon. Gibson L. Cranmer, judge of said court, presided at the hearing below.

*Daniel Peck* for the appellants.

*Henry M. Russell* for the appellee.

MOORE, JUDGE:

Oliver Linsey filed his bill in chancery in the municipal court of Wheeling, at the June rules, 1874, against John McGannon, and others, to enforce the lien of a judgment he had obtained in the county court of Ohio county, on the seventeenth day of April, 1874, against Thomas Seabrook and said John McGannon, partners as

"*Seabrook and McGannon;*" and to procure satisfaction of his judgment out of certain real estate, alleged to have been conveyed by John McGannon, in trust for his wife, and in fraud of his creditors. On the twenty-first day of July, 1874, a decree was rendered, in default of any answer, setting aside the said conveyance as having been made with intent to delay, hinder and defraud creditors, and as having been made without a consideration deemed valuable in law; and referring the cause to a commissioner to ascertain what liens existed on the real estate of said McGannon, and the amounts and priorities thereof, etc.

On the first day of September, 1874, McGannon and wife gave notice to the plaintiff that they would move the judge of the said municipal court to review and reverse the said decree, for causes in said notice mentioned. Pending this motion, on the twenty-first September, 1874, Small, Schœmick, Aick and Clifford, creditors of Seabrook and McGannon, moved the court to admit them as defendants in said suit, and to file their answers, which was then done, their claims being judgments; either before the county court, or of a justice of the peace.

On the twenty-fifth day of January, 1875, the motion to review and reverse the decree of July 21, 1874, was heard and determined, and the decree was reversed, and leave granted the "plaintiff, or any of the creditors of the plaintiff, who have rightly been made parties," to amend the original bill, on equitable terms, and to prosecute the cause, at their costs, "or the costs that may be adjudged against them."

The plaintiff, Linsey, filed his amended bill, March, 1875.

At the March rules, 1875, McGannon and wife demurred to the bill, and at the April rules, 1875, filed what purported to be their joint answer to said bill, in which they alleged "that on the fourth day of September, 1874, the said John McGannon satisfied the plaintiff of his demand," and exhibited a transcript from the

records of the county court showing that the plaintiff in person, admitted the release in open court, and that he was satisfied with the same ; and that the county court on the fifteenth day of October, 1874, entered of record, satisfaction of said judgment as to McGannon, but not to the prejudice of the plaintiff against the said Seabrook. The acknowledgement of satisfaction of the judgment, as to McGannon, was made, in writing, by Linsey, September 4, 1874.

On March 30, 1875, the affidavit of the plaintiff, Linsey, was taken and filed in this cause, then pending in the municipal court, stating that he then had no claim against McGannon ; that it had been, long since, satisfied, and that he had never ordered any suit in that court for the same, and directed the suit to be dismissed.

On May 17, 1875, Joseph Clifford, with leave of court, filed his petition, and the exhibit therewith, to be made a party complainant in the suit, to enforce a judgment obtained by him in the county court, April 8, 1874, against McGannon and Seabrook, for the sum of $79.50. The prayer of the petitioner was granted, and he was made a party complainant.

On the 28 June, 1875, the municipal court rendered the decree, now principally complained of in this appeal.

The *first* question, presented for our consideration, is the motion of the appellees to dismiss the appeal, as improvidently allowed. They argue there was no decree which came within the terms of the law. Acts 1872–3, chr. 17, sect. 1, p. 56.

The *seventh* clause of the first section, chapter seventeen, Acts 1872–3, authorizes an appeal, "in a case in chancery, wherein there is a decree or order dissolving an injunction, or requiring money to be paid, or the *possession* or *title* of property to be changed."

The decree of June 28, 1875, declares that the conveyance of November 19, 1873, made by McGannon and wife to Woods, was made "with intent to delay, hinder and de-

fraud his creditors, and that the said conveyance was made without a consideration deemed valuable in law, and that the said plaintiff, and the said Michael Schœmick, George W. Wilson and others were creditors whose debts were contracted before the said fraudulent conveyance was made; it is, therefore, adjudged, ordered and decreed, that the said fraudulent conveyance * * * * * is declared void, and is set aside by this Court." The decree certainly requires "the *possession* or *title* of property to be changed." I am, therefore, of opinion the appeal was rightfully allowed, and that the motion to dismiss it should be overruled.

The *first* objection, urged by appellant, is the want of jurisdiction in the municipal court to enforce the judgment lien, because, the judgment was obtained in the county court.

Section eight, chapter one hundred and thirty-nine, Code, declares: "The lien of a judgment may always be enforced in a court of equity."

Chapter eighty-eight, Acts 1869, p. 51, confers upon the municipal court, "within the city, the same jurisdiction and powers at law *and in equity*, in civil suits and proceedings where the amount in controversy exceeds one hundred dollars, exclusive of interest and costs, or the possession or title of real or personal estate is concerned, as the circuit court of Ohio county now has, or may hereafter be vested with, but in the following cases only:

I. Where the defendant or one of the defendants resides in the city;

II. Where the cause of action arose in the city;

III. Where the property, real or personal, the title or possession of which is in controversy, or some part of such property, is in the city;

IV. Where," etc.

As the court is a court of equity, and the defendants are residents of the city, and the property is alleged to

be in the city, I can see no good reason why the munici-
pal court should not take cognizance of this case. When
a party has a judgment lien to be enforced, and has, at
his election, courts with concurrent equity jurisdiction, it
is reasonable to suppose that he would select that tribu-
nal which would give the speediest relief. As the mu-
nicipal court holds its terms, "in every month in which
it is not, by law, provided that a circuit court for Ohio
county shall commence," (Acts 1869, ch. 88, sect. 2,) it
certainly affords greater facility for relief than either
the circuit, or county court; and, no doubt, that was
one object in its creation, and the subsequent enlarge-
ment of its jurisdiction by the Act of 1869, which con-
ferred upon it equity jurisdiction and powers. I am of
opinion, therefore, that the municipal court did not err,
in taking and retaining jurisdiction of the cause.

The appellants object to the decree of twenty-eighth
of June, 1875 :

*First*—Because, " the decree was made in the name of
Oliver Linsey, alone, when in fact, he had no further
interest in the same, and ought not to be made further
liable for the costs of the case."

The title of the suit was, " *Oliver Linsey v. John Mc-
Gannon, et al.*" The plaintiff had a right, and in fact it
was proper for him, to acknowledge satisfaction of his
claim, and to dismiss the suit so far as he, alone, was
concerned.

But notwithstanding *Linsey* admitted satisfaction of
his claim against McGannon, and directed the suit to be
dismissed, the court, nevertheless, merely directed that
satisfaction of said judgment be entered of record, but
did not dismiss the suit. The suit properly remained in
court under its original title ; as it had become a credit-
or's suit, and the rights of other parties were to be ad-
judicated therein ; and no prejudice was done either to
the original plaintiff, or the appellants thereby, I am,
therefore, of opinion, that the mere satisfying of Lin-

sey's claim, gave the appellants no right to have the suit dismissed; especially so, as Clifford had been made a party plaintiff, and Small, Schœmick, Aick, and Wilson, as creditors, had been made defendants before the satisfaction of Linsey had been brought to the notice of the court, and the matters had been referred to a commissioner; and, as argued by the appellees, these creditors could not have brought other suits while this was pending, and therefore, had distinct and independent interests in this.

As to the objection now made by the appellant, that the cause was heard upon the deposition of Oliver Linsey, when no notice had been given of the taking thereof to Maria McGannon.

The record does not disclose that any exception had been taken in the court below to the reading of the deposition of Linsey, or for any error or irregularity in the taking thereof; and inasmuch as he appears, so far as the record discloses, to have been a competent witness, it is too late to raise the objection in the Appellate Court.

The *third* objection made to the decree of June 28, 1875, by the appellants, is, "that the case was heard upon the decree first pronounced in this case, and upon the petition of John McGannon for the reversal of the said decree first made, and upon the exhibits made to that petition, and upon the decree of reversal of the said decree—those matters having no right to be considered again, or to enter into this hearing."

The usual form of a decree, is: " This cause came on this day to be heard, upon the papers heretofore read," etc. Certainly it is not error to specify what papers were read, if the court prefers that style instead of the shorter form; and if the court deems proper to consider the whole record of its former proceedings in the cause before entering its decree, I cannot see the impropriety

in stating the fact in the decree, but it is right and proper.

The objection, that the case was not heard upon the answer of the appellants, is not tenable.

It is true, the decree does not show that the court considered the answer; but, although it was irregular not to have heard it upon rendering the decree, yet it would not have changed the results; because, the satisfaction of Linsey's judgment against the appellants, which the answer sets out, had been entered of record in the suit by a former order of the court, upon the appellants' motion; and, in that respect, the appellants were not injured by the ignoring of the answer in the decree complained of, and, for the reason hereinbefore expressed, were not entitled to have the suit dismissed, in consequence of having satisfied Linsey. And so far as the answer sets up the homestead, the appellants are not injured by the ignoring the answer, because the debts were contracted before the declaration of the exemption was recorded under chapter 193, section 10, Acts 1872-3.

If there is any error in the decree, it consists in declaring the conveyance void, and setting it aside absolutely, when it should have been declared void, and set aside only as to the creditors, whose debts were contracted before the time of making said conveyance. The decree should be corrected in that respect.

I am, therefore, of opinion that said decree should be corrected in that respect, but affirmed in all other matters, with costs and $30 damages.

The other Judges concurred.

DECREE REVERSED IN PART, AND AFFIRMED IN PART.