# CHARLESTON.

COOPER v. COOPER *et al.*

Submitted September 4, 1908. Decided May 11, 1909.

1. SPECIFIC PERFORMANCE—*Contract of Support—Liability of De-cedent's Estate.*

Equity will entertain a suit against the estate of a decedent by one whom deceased had bound himself by contract to main-

65 W Va.

tain and support, and upon proper proof will grant relief by decreeing against his estate the reasonable cost of such support. (p. 716.)

2.   SAME—*Contract—Enforcement Against Decedent's Estate.*

In order to establish such contract against the estate of a decedent, if it be by parol, the proof must be so clear, cogent and convincing as to leave no doubt in the mind of the chancellor, that the particular contract as averred was made, and its terms and conditions must be clearly shown.  (p. 718.)

3.   SAME—*Pleading and Proof.*

The proof must conform to the averments of the bill.  Plaintiff cannot allege an agreement made with a certain person and obtain relief by proving another agreement made with a different person.  (p. 718.)

4.   WITNESSES—*Competency—Transactions With Decedent.*

The *prochein ami*, being liable for costs in the event the suit should terminate adversely to plaintiff, is not a competent witness, under section 3945, Code 1906, to prove a parol agreement made between himself and a deceased person, against the heirs at law of such deceased person.  (p. 717.)

Appeal from Circuit Court, Randolph County.

Bill by Bertha Cooper, by her next friend, against John A. Cooper and others.   Decree for plaintiff, and defendants appeal.

*Reversed and Petition Dismissed.*

HARDING & HARDING and W. W. BRANNON, for appellants.

W. B. MAXWELL, for appellee.

WILLIAMS, JUDGE:

Bertha Cooper, an infant who sues by next friend, her mother, Gettie Purkey, files her bill against the administrator and heirs of John A. Cooper, deceased, to specifically enforce a contract, alleged to have been made for her benefit between said Cooper and her mother, against said estate, for her support until she arrives at "full age."   The facts are these:   John A. Cooper died intestate and unmarried about the last of December, 1903, leaving brothers, sisters, nieces and nephews as his heirs at law and distributees.   His personal property being insufficient for the payment of his debts, his administrator brought a suit in the circuit court of Randolph county for the sale of his land to pay them.   After the payment of debts, there remained in the hands

of the special commissioner a fund, derived from the sale of the land, amounting to $1,408.96.

Cooper was the father of a bastard child, who is the petitioner and appellee, Bertha Cooper, begotten, of Gettie L. Vance. On the 8th day of May, 1897, in a bastardy proceeding in the circuit court of Randolph county by the county court of Randolph county, he was adjudged to pay to the county court, for the maintenance of the child, the sum of $60 and the costs of the suit, and the sum of $60 per annum for six successive years, payable on the 10th of May of each year, unless the child should sooner die, the first of the six payments falling due on the 10th day of May, 1898. He was required to give bond in the penalty of $800 with security for the faithful performance of the court's judgment, and did so on May 13, 1897.

On the 22nd of November, 1897, he appeared before the county court, by counsel and moved to be released from the original bond, and to be allowed to substitute another bond in the penalty of $400 for the performance of other conditions; and this was allowed to be done. This order permitting it contains the following recital: "And it appearing to this Court that said John A. Cooper has taken charge of said child, with the consent of said Gettie L. Vance to keep and maintain it, at his own expense, and has this day tendered a bond in the penalty of Four Hundred Dollars executed by himself with Christian Cooper, Asa Cooper and George W. Cooper as sureties, conditioned that he will maintain said child. It is ordered that said bond be accepted in lieu of the bond executed by him before the circuit court, and that he and his sureties in said original bond be released from all liability under the same."

Cooper then took the child and placed it in the home of his brother who kept it, and took care of it, until April next after the death of said Cooper. The child's mother, whose maiden name was Vance, having in the meantime married one George F. Purkey, then took it to her own home.

Pending the suit by the administrator for the settlement of Cooper's estate, plaintiff filed her petition therein, against the heirs of John A. Cooper, deceased, claiming the balance of the estate after payment of debts, on the ground that the alleged agreement made her his adopted daughter; and if it did not amount to adoption, it at least entitled her to support and main-

tenance out of said fund until she should arrive at the age of twenty-one years. The petition does not aver whether, or not, the agreement was in writing and signed by Cooper. But contains the following averment in relation thereto, viz: "That after the said judgment had been rendered against said John A. Cooper as aforesaid and when petitioner was about sixteen months old, the said John A. Cooper entered into a contract and agreement with petitioner's said mother whereby petitioner was given into his custody and control with the express agreement and understanding that he was to take petitioner, provide her with a home and with a support suitable to her age and condition until she arrived of full age and able to take care of herself and not only did he agree to do this but he also gave her his name and agreed and promised to adopt her as his child and did take her under his control, did, as long as he lived, provide her with a home and support suitable to her age and condition, did give her his name but failed to formally adopt petitioner as his child in the way and manner provided by the statute regulating the adoption of children."

Defendants demurred to and answered the petition. In the answer they admit that Cooper had taken care of, and provided for petitioner at the home of a relative of his for about six years; but they deny the alleged agreement that he was to take care of her for any longer time than the six years during which he was obligated by the judgment of the circuit court to pay $60 a year to the county court for her maintenance. They also deny that he gave her his name or that he ever promised to adopt her as his child.

The demurrer does not appear to have been directly passed upon. On the 10th of September, 1906, the two causes were heard together, the petitioner's cause being heard upon the bill, answer and replication and the depositions of witnesses taken on behalf of both parties; and the court decreed petitioner her reasonable support out of said Cooper's estate, and directed the special commissioner to pay the funds in his hands belonging to the estate over to the general receiver of the court; and the general receiver was directed to lend it, subject to the future order of the court. The cause was referred to a commissioner to ascertain what would be a reasonable sum to be paid annually for

the support of the child; and he ascertained and reported that $75 a year would be a reasonable amount; and on the 23rd of January, 1907, a final decree was made confirming the report, and directing the general receiver to pay to G. F. Purkey, guardian for petitioner, the sum of $75 a year until she should arrive at the age of twenty-one years. The decree further found that four annual payments were then due, making $300, which sum the receiver was directed to pay to the guardian at that time. From these two decrees the heirs of John A. Cooper obtained an appeal and *supersedeas.*

The decree passing upon the merits, in effect, overrules the demurrer. *Bantz* v. *Barnett,* 12 W. Va. 772; *Craig v. Craig,* 54 W. Va. 183. It is insisted that it should have been sustained. We do not think so; the bill avers sufficient matter to entitle plaintiff to some relief, even if not the full relief prayed for; and, under the prayer for general relief, she might obtain some other relief. The averments of the bill, if sufficiently established by evidence, would entitle plaintiff to a decree for her yearly support until she arrives at the age of twenty-one years, provided she live so long. Equity has jurisdiction, and the bill is good on demurrer. *Ralphsnyder* v. *Ralphsnyder,* 17 W. Va. 28; *Rex* v. *Creel,* 22 W. Va. 373.

The bill alleges that after said Cooper promised to support the child he was released from paying the $60 a year to the county court. This is sufficient consideration to support the promise. *Billingsley* v. *Clelland,* 41 W. Va. 234; *Jangraw* v. *Perkins,* 77 Vt. 375.

Defendants admit that John A. Cooper made a contract to support plaintiff; but allege that it bound him for a period of six years only. They deny that he made the contract alleged in the petition. This brings us to a consideration of the evidence.

The material allegations of the bill are denied, and the burden of proof rests upon plaintiff. The child's mother, who is also her next friend, and Leslie Harding, deputy clerk of the county court, are the only witnesses who testify in behalf of plaintiff. The latter was introduced only to prove the loss of the second bond executed by Cooper before the county court, and inability to find it.

The testimony of plaintiff's mother was objected to on account of the relationship existing between witness and deceased.

We do not think this a valid objection. Neither the relationship between Cooper and the witness, nor the fact that the promise was made for the benefit of witness' child would exclude her from testifying. She could not, for these reasons, be said to have such an interest in the result of the suit as would render her incompetent under section 3945, Code 1906. *Godine* v. *Kidd,* 19 N. Y. Sup. 335, was a case very similar to the present, and the court there permitted the mother to give testimony to prove a personal contract made between herself and deceased for the benefit of her child, and under a statute similar to our own prohibiting "a person from, through, or under whom a party derives his interest or title, by assignment or otherwise, to be examined as a witness in behalf of the party succeeding to his title or interest, against a person deriving his title or interest from, through, or under a deceased person, concerning a personal transaction or communication between the witness and the deceased person." But having objected to the testimony for one reason appellants are not precluded from now assigning a different one. Neither would they be precluded from raising the objection for the first time in this Court, when the admissibility of the testimony depends on competency of a witness. *Hill* v. *Porter,* 10 W. Va. 59; *Rose* v. *Brown,* 11 W. Va. 122; *Long* v. *Perrine,* 41 W. Va. 314; and *Woodville* v. *Woodville,* 63 W. Va. 286. But the witness, being next friend to the plaintiff, is liable for costs. *Fisher* v. *Bell,* decided at the present term.

This shows her to have such an interest in the result of the suit as disqualifies her as a witness to prove the contract between herself and John A. Cooper, deceased. The common law rule excluding parties in interest from testifying in *any* case, embraced all persons having any interest at stake in the suit whatsoever, even though it extended only to a liability for costs; and included a *prochein ami,* guardian, executor, &c. 1 Greenleaf on Evidence, sec. 347; 3 Jones on Evidence, sec. 745; 30 A. & E. E. L. (2nd Ed.) 911; *Clutterbuck* v. *Huntingbower,* 1 Strange 506; *James* v. *Hatfield, Id.* 548; *Hopkins* v. *Neal,* 2 *Id.* 1026; *Cogbill* v. *Cogbill,* 2 Hen. & Mun. 467.

Section 3945, Code 1906, removing the common law disability, excepts testimony of a witness, "in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the

executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such person or the assignee or committee of such insane person or lunatic." As to such testimony the rule of the common law still obtains. She was therefore incompetent to prove the contract, and her evidence should have been excluded. But appellee relies upon the recitals, as evidence, made in the order of the county court of Randolph county, made on November 22, 1897, whereby Cooper was discharged from the original bond and was allowed to file instead a bond in the sum of $400. The order does not recite the agreement that is averred in the bill. It simply recites that it was made with the mother's consent, and that Cooper had tendered a bond in the penalty of $400 with security "conditioned that he will maintain said child." It does not say he was to maintain the child until it arrived at the age of twenty-one years, or "full age" which means the same thing. 1 A. & E. E. L. (2nd Ed.) 927, (note 1); *Hamlin* v. *Stevenson,* 4 Dana (Ky) 597; *Est. of Kohne, dec'd.,* (Pa.), 1 Parson's Select Cases, 399. Nor does it say he was to maintain the child only for the length of time during which he was bound to pay to the county court the sum of $60 a year for the maintenance of the child, which by the judgment of the circuit court was for six years. This time only lacked a month of expiration when the mother of the child says she took it from Lige Cooper's, where it had been kept and cared for. But the recital in the order shows that the new bond was given in lieu of the old one which was given for the benefit of the county court. It, therefore, tends to prove a different contract from the one averred in the petition. Plaintiff cannot aver one cause of action, or suit, and be allowed to prove a different one. The rule that the *allegata* and *probata* must correspond applies to suits in equity as well as to actions at law. *Floyd* v. *Jones,* 19 W. Va. 359; *Baugher* v. *Eichelberger,* 11 W. Va. 217; and *Pigg* v. *Corder,* 12 Leigh 69. Before a court of equity will specifically enforce a parol agreement of this nature against the estate of a decedent, it must be established by evidence that is clear, cogent and convincing. *Godine* v. *Kidd,* 19 N. Y. Sup. 335; *Wallace* v. *Rappleye,* 103 Ill. 229. In *Grantham* v. *Gossett,* 182 Mo. 651, it is held: "An oral contract by a foster parent to take a child into his family, treat her as his own child and let her share in his

estate equally with his own children, must be proven by proof so clear, cogent and convincing as to leave no doubt in the mind of the chancellor, not only that a contract of the general nature alleged was made, but that the particular contract as alleged was made, and its terms and conditions must be clearly shown."

Plaintiff has failed to establish a *prima facie* case, and it is therefore unnecessary to discuss the objections made by plaintiff to defendants' evidence. If we could see that petitioner's evidence was sufficient to entitle her to relief if her pleadings were made to conform thereto, we might, according to the practice of this Court, remand the cause with leave to plaintiff to amend her petition. But it clearly appears that she can not aid her cause even by an amendment.

We reverse the decrees appealed from in so far as they give petitioner any recovery against the estate of John A. Cooper, deceased, and will enter a decree here dismissing appellee's petition.

*Reversed and Petition Dismissed.*