| 96 | 69 |
| f 100 | 188 |
| 100 | 310 |
| 96 | 69 |
| 102 | 672 |
| 96 | 69 |
| 103 | 195 |
| 96 | 69 |
| 107 | 559 |
| 96 | 69 |
| 110 | 43 |
| 110 | 60 |

## Wytheville.

### ECKLES'S ADM'X v. NORFOLK & WESTERN RAILROAD CO.*

#### JULY 30, 1896.

1. RAILROADS—*Fellow-Servants—Engineer and Brakeman.*—A brakeman of a shifting crew in a railroad yard, or a conductor of such crew voluntarily acting as brakeman, is a fellow-servant of the engineer and fireman of the crew, and cannot recover of the company for an injury inflicted through their negligence.

2. PLEADING—*Allegation and Proof—Master and Servant—Incompetent Servant—Defective Machinery.*—A servant cannot recover damages of his master for an injury inflicted on him in consequence of the incompetency of a fellow-servant, or of defective machinery and appliances, in the absence of any allegation in the declaration of such a cause of action. The plaintiff cannot allege one cause of action in his declaration, and prove another. The obect of the declaration is to set forth the facts of the case so that they may be understood by the defendant who is to answer them, by the jury which is to try the case, and by the court which is to enter judgment.

3. MASTER AND SERVANT—*Voluntary Exposure of Servant.*—A servant cannot recover of the master, damages for a personal injury inflicted on him in consequence of his voluntary exposure of himself in a position of danger not in the line of his duty.

Error to a judgment of the Hustings Court of the city of Roanoke, rendered December 27, 1892, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

---

*Recently directed to be reported.

*L. H. Cocke, G. W. Crumpecker,* and *Hansbrough & Hall,* for plaintiff in error.

*Watts, Robertson & Robertson,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff's intestate was an employee of the defendant company. Whilst acting as conductor of a shifting crew upon its yard at Pulaski, Va., he was run over by one of its cars, which caused his death. An action was instituted to recover damages therefor by his administratrix, and upon the trial of the cause a judgment was rendered in favor of the defendant upon a demurrer to the evidence. To this judgment the plaintiff obtained this writ of error.

The first and second assignments of error may be considered together. They are based upon the ground that neither the engineer nor the fireman was in his proper place when the injury complained of was inflicted, and if they had been it might have been avoided. The evidence does not show that they were not in the performance of their duties at that time; but if it were true that they were not, and that the injury to the plaintiff's intestate might have been prevented if they had been in their proper positions, it could not aid the plaintiff's case. Her intestate, whilst acting as conductor of the shifting crew, undertook to act as a brakeman, and whilst so acting was injured. So far as his injury was caused by, or resulted from, the negligence of the engineer or fireman, it resulted from the act of fellow-servants. Their negligence was one of the risks he assumed when he entered the service of the defendant, and for injuries resulting to him therefrom it is not responsible. *N. & W. R. Co.* v. *Nuckols,* 91 Va. 193.

It is also assigned as error that the engineer was an incompetent employee. This is not sustained by the record, and if

it were, it could not be considered, as there is no allegation in the declaration under which it could be proved.

The third assignment of error is that the yardmaster who had control of the shifting crew and of the yard at that place was guilty of negligence in this, that he ordered the plaintiff's intestate to shift the car by which he was injured, saw him go between that and another car, and yet paid no attention to, nor gave himself any concern for, his safety. The yardmaster did order him to shift the cars in question from one track to another the morning of the injury, and directed him not to forget it. Although the yardmaster may have been upon the yard when the injury occurred, it does not appear that he ordered Eckles to act as brakeman, or to go between the cars, or even knew that he was between them until after he was injured. So far as the record shows the unfortunate man went of his own motion into a position of danger, not in the line of his duty, and undertook to perform a service which it was the duty of a brakeman to perform, and whilst so engaged received the injury from which he died.

The fourth assignment of error is that the brake on the engine was out of repair, and that if it had been in good working order the injury could have been avoided. It is unnecessary to discuss the evidence upon this point, for there is no allegation in the declaration that the injury resulted from, or was in any manner brought about by reason of, defective machinery.

The proofs must correspond with the allegations in the declaration, and the plaintiff must recover, if at all, upon the case made by her pleadings. A party cannot charge one ground of negligence in his declaration, and recover upon another. The object of a declaration is to set forth the facts which constitute the cause of action so that they may be understood by the defendant who is to answer them, by the jury which is to ascertain whether or not they are true, and by the court which is to give judgment. *Bush* v. *Campbell*, 26

Gratt. at page 431; *Balt. & Ohio R. Co.* v. *Whittington's Adm'r,* 30 Gratt. at page 810; 4 Minor's Insts., 471–2; 1 Chitty on Pl., p. 255 and note.

We are of opinion that the plaintiff failed to make out her case, that there is no error in the judgment complained of, and that it must be affirmed.

*Affirmed.*