Statement.

### Staunton.

INTERSTATE RAILROAD CO. v. TYREE.

September 9, 1909.

1. PLEADING—*Contributory Negligence—Matter of Defense—Negligence Per Se—Case at Bar.*—Contributory negligence is a matter of defense which the plaintiff need not negative either by his pleadings or proofs, but which the defendant must establish by a preponderance of the evidence, unless it appears from the plaintiff's own evidence. It is not to be reasonably inferred that a brakeman was guilty of negligence *per se* from the mere fact that his foot, ankle and leg were caught and crushed between cars while he was engaged in coupling them.

2. PLEADING—*Declaration—Sufficiency—Demurrer—Bill of Particulars.* If a declaration states a good cause of action (as it does in the case at bar) and the defendant desires a more particular statement of the grounds of complaint, his remedy is not by a demurrer to the declaration, but by a motion for a bill of particulars under section 3249 of the Code.

3. EVIDENCE—*Allegation of Main Facts of Negligence—Proof of Subordinate Facts.*—Where the primary or main facts constituting the negligence complained of have been sufficiently alleged in the declaration, all merely subordinate and consequential facts that can be reasonably implied by its averments are admissible in evidence to sustain the principal facts, although not stated in the declaration.

4. APPEAL AND ERROR—*Verdict Sustained by Evidence.*—The evidence in the case at bar, considered as on a demurrer to the evidence, sustains the findings of the jury, and their verdict cannot be disturbed by this count.

Error to a judgment of the Circuit Court of Wise county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Bullitt & Chalkley,* for the plaintiff in error.

*Vicars & Peery* and *Roher, Ainsworth & Dawson* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action was brought by the defendant in error, Jesse Tyree, against the plaintiff in error, the Interstate Railroad Company, to recover damages for personal injuries imputed to the negligence of the defendant.    The trial resulted in a verdict and judgment for the plaintiff, and to that judgment this writ of error was awarded.

The first assignment of error involves the action of the court in overruling the demurrer to the declaration.    The declaration alleges that the defendant was a railroad company, and owned and operated a railroad from Stonega to Appalachia, in Wise county, Va., and used and operated on its road steam locomotives and cars for the transportation of passengers and hauling express and freight; that at the time of the injury complained of the plaintiff was a brakeman in the employment of the defendant, engaged in the physical operation of its trains in coupling cars; that it was the duty of the defendant to use due, reasonable and proper care for the safety and protection of the plaintiff, and to see that he was not injured by the negligence of the engineer and conductor of the defendant, who were in charge and control of the operation of the locomotive and cars which were then and there being coupled together by the plaintiff; that the engineer and conductor were co-employees of the plaintiff of higher grade, and were charged with the duty and power of controlling and directing the general service and immediate work of the plaintiff at the time of the injury; that the defendant did not regard its duty in that behalf, but through its

engineer and conductor negligently, wrongfully and improperly caused a car which was then standing upon the track to be pushed with great violence against the plaintiff while in the faithful discharge of his duty of brakeman in coupling the cars together, and without negligence or fault on his part, crushing his foot, ankle and leg between the end of another car then standing on the defendant's track and the end of the car which was pushed and run against him by the conductor and engineer.

The first ground of demurrer charges that the plaintiff himself was guilty of contributory negligence. This contention proceeds upon the assumption that pleadings must be taken most strongly against the pleader, and that the fair inference to be drawn from the declaration is that the plaintiff's foot, ankle and leg were caught between the drawheads or bumpers of the two cars; and as "the law requires railroad companies to have self-couplers on all their cars, it will be presumed that this company complied with the law in that respect, * * * especially where there is no charge to the contrary"; that these couplers are operated from the outside, and that a brakeman who goes in between cars to couple them is *ipso facto* guilty of contributory negligence; that if this be not a fair inference then "the declaration is too uncertain and vague, in this, that it does not explain how the plaintiff got his foot, ankle and leg between the cars, or how he got them injured."

We cannot concur in the suggestion that it is a reasonable inference, from the mere fact that a brakeman's foot, ankle and leg were caught and crushed while engaged in coupling cars, that he was guilty of negligence *per se.* The rule is well settled in this that contributory negligence is matter of defense which need not be anticipated or negatived by the plaintiff, either in his pleadings or evidence; and it is the settled rule that where the defendant relies on contributory negligence of the plaintiff to defeat the action, the burden of proving such contributory negligence rests upon him, and must be established by a prepon-

derance of evidence, unless indeed such contributory negligence appears from the plaintiff's own evidence.

Upon the second ground, it is not pretended that the declaration does not state a cause of action, but it is said it does not sufficiently explain how the plaintiff got his foot, ankle and leg caught between the cars, or how the injury occurred.

The following analysis of a cause of action on negligence is given in 1 Shearman & Redfield on Neg. (5th ed.), sec. 5: "Negligence in the defendant and damage to the plaintiff must concur. Negligence consists in—(1) a legal duty to use care; (2) a breach of that duty; (3) the absence of distinct intention to produce the precise damage, if any, which actually follows. With this negligence, in order to sustain a civil action, there must concur: (1) Damage to the plaintiff; (2) a natural and continuous sequence, uninterruptedly connecting the breach of duty with the damage as cause and effect."

Now then, let us subject the allegations in this declaration to the test of the foregoing analysis. As we have seen, it is alleged (1) that at the time of the injury the plaintiff was a brakeman in the service of the defendant in the physical operation of its train, and in coupling its cars, and that it was the duty of the defendant to use reasonable care for his safety, and to see that he was not injured by the negligence of the engineer and conductor of the defendant, who controlled the operation of the locomotive and cars which the plaintiff was engaged in coupling; (2) that the engineer and conductor were co-employees of the plaintiff of higher grade, and were charged with the duty and clothed with power over the general service and immediate work of the plaintiff at the time of the injury; (3) that in disregard of its duty to the plaintiff, the defendant, through its engineer and conductor, negligently caused a car which was standing upon its track to be pushed with great violence against the plaintiff while in the discharge of his duty as brakeman in coupling the cars, and without negligence on his part. It does not allege that the act was done with the intention

to produce the damage which followed, but it does allege that it was negligently done. It moreover alleges damage to the plaintiff, and, substantially, that such damage flowed from the negligence of the defendant as cause and effect.

It thus appears that the declaration contains all the essential elements of a cause of action on negligence as above defined. In such case—that is to say, when the declaration states *a good cause of action*—if the defendant desires a more particular statement of the grounds of the complaint, his remedy is not by demurrer to the declaration, but by motion for a bill of particulars under section 3249 of the Code. *Wood* v. *Am. Nat. Bank,* 100 Va. 306, 40 S. E. 931.

The second assignment of error is to the admission by the court, over the objection of the defendant, of the testimony of the plaintiff, that the train was backed upon him before he gave "the back-up signal." Also to the giving of the following instruction:

"The court instructs the jury that if they believe from the evidence that the plaintiff, at the time of the injury complained of in the declaration, was an employee of the defendant company in the capacity of brakeman, and as such was engaged in the performance of the duties that devolved upon him, and that while engaged in trying to push or kick a drawhead or knuckle on a car into its position, (if they believe he was so engaged) the train crew of the defendant company, or any, or all of them, negligently caused a train of cars of defendant company to move or back up to and against the car upon which the plaintiff was trying to push or kick the drawhead into position (if they believe he was so trying), without any signal having been given by the plaintiff to move or back up the train, and that the plaintiff's foot as a result thereof, was caught and injured, then they will find for the plaintiff, unless they believe from the evidence that the plaintiff's own negligence contributed to the injury, and the burden is upon the defendant to prove by a pre-

ponderance of the evidence the contributory negligence of the plaintiff."

This assignment of error, both with respect to the admission of evidence and to the giving of the instruction excepted to, proceeds upon the supposed insufficiency of the allegations in the declaration to warrant the introduction of the evidence, and the giving of the instruction founded thereon. The objection was virtually disposed of in the consideration of the first assignment of error.

Judge Buchanan, in delivering the opinion of the court in *A. & D. Ry. Co.* v. *Reiger,* 95 Va. 418, 428, 28 S. E. 590, 594, says: "The reason assigned in the petition and brief, why the court erred in refusing to give the instruction, is that the plaintiff was confined to the allegations in the declaration, and that he could not recover upon any other ground of negligence than that stated in his pleadings, which was that of negligently managing, directing and running its locomotive engine. It is true that he could not recover upon any other ground than that of negligently managing, conducting and running its locomotive. (*Eckles* v. *N. & W. Ry. Co.,* 96 Va. 69, 25 S. E. 545.) But it was not necessary for him to aver in the declaration all the facts and circumstances by which he expected to show the negligence charged. Without averring it, he had the right to show, if he could, that the whistle was not blown, nor the bell rung; that no lookout was kept; that the track was obstructed; that the locomotive was running very rapidly; the absence of a gateman, or safety gates; or any other facts or circumstances which tended to show that the defendant was negligent in the running of its locomotive at that particular time and place, as to travelers. *Leson* v. *Railroad Co.,* 77 Maine 85; 3 Elliott on Railroads, sec. 1157."

So in this case, the primary or main facts having been sufficiently alleged in the declaration, all merely subordinate and consequential facts that can be reasonably implied by its aver-

ments are admissible in evidence to sustain the principal facts. 1 Chit. Pl. (9th Am. Ed.) 224.

The last assignment of error is to the action of the court in overruling the motion of the defendant to set aside the verdict of the jury as contrary to the law and the evidence.

A comprehensive review of the evidence is not necessary. Considered from the standpoint of a demurrer to the evidence, the evidence shows that the plaintiff was a brakeman in the employment of the defendant, and at the time of the accident was engaged in coupling cars. Some 20 cars had been coupled to the engine and were brought to a standstill, leaving a space of from 6 to 10 feet between the rear end of the hindermost car and the front end of the foremost of ten empty cars, which had to be coupled to the train. It was discovered that the knuckle and drawhead of the detached car was "slewed to one side," so that the cars would not couple. The defect could not be corrected by means of the lever from the outside, but it was necessary for the brakeman to go in between the cars and adjust the knuckle and drawhead with his hands, or kick them into position with his foot. The conductor observed the defect and ordered the plaintiff to correct it; and after instructing him when he got the drawhead in position to give "the back-up signal," passed on in the direction of the engine. Thereupon the plaintiff attempted to place the drawhead, which weighed about 200 pounds, in position with his hands, but failing in his effort, he stepped back and raised his right foot to kick it into place when just as he delivered the kick, without any signal having been given, and without warning, the train was backed upon him and his right foot caught between the knuckles of the drawheads, and was so crushed and mangled as to render partial amputation of foot necessary.

In addition to the special direction of the conductor, it was shown to be the practice of the company for brakemen engaged in coupling cars to give "the back-up signal," and the train was not supposed to move until such signal had been given.

The plaintiff had made all couplings immediately preceding the accident, and in each instance had given the customary signal.   He was intent on his work, was not anticipating danger, and with his back partially turned in the direction whence the train was coming did not perceive its approach, and was prevented from hearing it by noise occasioned by a coal tipple in operation nearby.

The foregoing evidence sustains the finding of the jury, and we have no power to disturb their verdict.

Upon the whole case, we are of opinion to affirm the judgment of the circuit court.

*Affirmed.*