## 𝔖taunton

## CLINCHFIELD COAL CORPORATION V. OSBORNE'S ADMR.

September 9, 1912.

Absent, Cardwell, J.

1. PLEADING—*Declaration—Demurrer—Bill of Particulars.*—If a declaration, when read as a whole, states a good cause of action and sufficiently informs the defendant of the case he has to meet, and yet the defendant desires a more particular statement of the grounds of complaint, his remedy is not by demurrer, but by a motion for a bill of particulars, under section 3249 of the Code.

2. NEGLIGENCE—*Contributory Negligence—Concurrent Negligence.*—In an action to recover for an injury negligently inflicted upon the plaintiff by the defendant, the plaintiff is not entitled to recover if his own want of care was either wholly or partially the efficient cause of the injury, or if the injury was due to the mutual and concurring negligence of the plaintiff and the defendant. It is not necessary for the defendant to show that the plaintiff's negligence was the "proximate cause" of his injury. It is enough if the defendant shows that the plaintiff's act was a contributing or concurring negligent cause of his injury.

3. NEGLIGENCE—*"Slightest Degree" of Contributory Negligence.*—In an action to recover for a negligent injury, it is not error to refuse to instruct the jury that there can be no recovery for the plaintiff if they believe that the plaintiff was negligent, and that such negligence contributed in the *slightest degree* to the accident. Such language is calculated to mislead the jury and to visit upon the plaintiff all the consequences of defendant's negligence, although the plaintiff's negligence may have been so trivial as to have been really without appreciable effect.

4. INSTRUCTIONS—*Fully Instructed.*—It is not error to refuse to instruct further upon a point upon which the jury has already been sufficiently instructed.

5. EXECUTORS AND ADMINISTRATORS—*Appointment Pending Action.*—If a party sues as administrator, without having previously

taken out letters of administration, the taking them out at any time before the hearing will cure the defect and relate back so as to make the declaration good from the beginning. At least, if a new trial is granted, after letters of administration have been taken out, no new action need be instituted.

Error to a judgment of the Circuit Court of Wise county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Bond & Bruce, E. M. & E. H. Fulton,* and *Phlegar, Powell, Price & Shelton,* for the plaintiff in error.

*Vicars & Peery,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

At the time of the accident, out of which this litigation grows, C. W. Osborne was working as the hired servant of the defendant coal corporation in one of its coal mines and was killed while in the discharge of his duties as a miner by falling slate, stone, etc., from the roof of the mine. This suit was brought in the name of J. B. Kiser, administrator of C. W. Osborne, deceased, to recover of the defendant coal corporation damages for the death of his intestate, which is alleged to have been caused by the negligence of the defendant. The trial in the circuit court resulted in a verdict and judgment for the plaintiff, to which judgment the present writ of error was awarded.

There was a demurrer to the declaration, which, we think, was properly overruled. The declaration, read as a whole, states a good cause of action, and sufficiently informs the defendant of the case it has to meet. If the defendant de-

sired a more particular statement of the grounds of complaint, its remedy was not by demurrer, but by a motion for a bill of particulars, under section 3249 of the Code. *Interstate R. Co.* v. *Tyree,* 110 Va. 38, 65 S. E. 500.

We are of opinion that the objection of the defendant to the court's modification of its instructions 4 and 7 is well taken and should have been sustained.

Instruction No. 4, as asked for, told the jury that if they believed the deceased was negligent, and that such negligence contributed to the injury, then they must find for the defendant. The court struck out the words "contributed to," and substituted the words "proximate cause of," making the instruction read, 'and that such negligence was the proximate cause of the injury,' " then they must find for the defendant. Instruction No. 4, as asked, was addressed to the defendant's claim that the plaintiff's intestate was guilty of contributory negligence in putting off, as he did, the shot which immediately preceded his death, and in going under the slate after the shot was fired, before its effect on the slate, which he had said was unsafe, was ascertained. The instruction correctly stated that the burden of proof was on the plaintiff to show that his intestate's death was due to some negligence of the defendant which was the proximate cause thereof, and, further, correctly stated that if the jury believed the deceased was guilty of negligence, and that such negligence contributed to the injury, they must find for the defendant.

Numerous decisions of this court show that it is the general, if not the universal, rule, that if the plaintiff, in an action for negligent injuries, has been guilty of contributory negligence, he cannot recover.

In *Richmond Traction Co.* v. *Martin,* 102 Va. 209, 45 S. E. 886, 887, it is said: "The well-known rule in this class of cases is that a plaintiff seeking to recover damages for an injury caused by the negligence of the defendant

must himself be free from negligence, and if it appears that his negligence has contributed as an efficient cause to the injury of which he complains, the court will not undertake to balance the negligence of the respective parties for the purpose of determining which was most at fault. The law recognizes no gradations of fault in such case, and where both parties have been guilty of negligence, as a general rule, there can be no recovery."

As amended, the instruction left out of view the settled doctrine that the servant is not entitled to recover where his own want of care was either wholly or partially the efficient cause of the injury, and also ignored the established rule that the plaintiff cannot recover if the accident was due to the mutual and concurring negligence of the plaintiff and the defendant.

The amendment to instruction No. 7 was practically the same as that to No. 4. The instruction, as offered, told the jury that if the evidence showed that it was the duty of plaintiff's intestate to put props under the slate which fell, and also the duty of the company to put props under it, that both failed in their duty, and that failure of plaintiff's intestate contributed to the injury, they should find for the defendant. The court refused this, and amended the instruction by striking out "contributed to," and inserting "was the proximate cause," thus making it essential that the defendant show not simply a contributing or concurring negligent cause, but that the intestate's negligence was the "proximate cause." This was error, as already seen in considering the amendment to instruction No. 4.

Objection is taken to the action of the court in refusing instruction No. 13, asked for by the defendant. This instruction was directed to the doctrine of contributory negligence, and told the jury that, if they believed that the plaintiff was negligent and that such negligence con-

tributed in the *slightest degree* to the accident, etc., there could be no recovery.

The language "slightest degree" is a departure from that heretofore employed and approved by this court, and should not have been used. It was calculated to mislead and to visit upon the person injured all the consequences of the defendant's negligence, although the shortcoming of the plaintiff may have been so trivial as to have really been without appreciable effect. Further, the jury had already been sufficiently instructed as to the plaintiff's contributory negligence, and the instruction in question was properly rejected for that reason.

We deem it unnecessary to consider in detail the numerous objections taken in the examination of witnesses to questions asked and answers permitted. It is sufficient to say that, after carefully considering these objections, which may not arise on another trial, we are unable to see that the court has abused its discretion in the matter, or that its action has been prejudicial to the defendant.

It appears that after the trial had, upon the defendant's plea of not guilty, proceeded regularly to a verdict for the plaintiff, it was discovered for the first time that, as the result of some mistake or inadvertence, no order had been entered by the clerk, upon the motion before him, made prior to the institution of the suit, for the estate of the decedent to be committed to the sheriff of Wise county for administration. Upon this discovery the defendant filed its motion in writing, asking for a new trial, upon the ground, among others, that the plaintiff, J. B. Kiser, had failed to prove his representative capacity, and was not, in fact, at the time of the institution of the suit, the administrator of the estate of C. W. Osborne, deceased, and was not authorized to sue for said estate in any representative capacity. Thereupon, the plaintiff filed his motion, in writing, in which J. T. Osborne, the father and sole dis-

tributee of the deceased, united, asking that the estate of the decedent be committed to J. B. Kiser, sheriff of Wise county, as administrator. Upon the hearing of these motions, the circuit court committed the estate to J. B. Kiser, sheriff of Wise county, as administrator, overruled the motion for a new trial, and entered judgment upon the verdict of the jury.

This action of the court is assigned as error, it being insisted that no judgment could be entered until the administrator had been made a party to the suit, and that the plaintiff was never the administrator until after the verdict; that he did not profess to sue as a sheriff, to whom the estate was committed, but as a private person who was an administrator. It is contended that, under these circumstances, the suit should have been dismissed.

To turn the plaintiff out of court, under the circumstances here disclosed, would be to defeat rather than further the ends of justice. In 4 Va. Law Reg., p. 731, is reported the case of *Lusk's Admr.* v. *N. & W. R. Co.* (C. C. A.), 91 Fed. 845, decided by the United States Circuit Court of Appeals. In disposing of this case numerous authorities are cited in support of the proposition, which seems to be well settled, that if pending the action ancillary letters of administration are taken out, they relate back to the institution of the action for the purpose of preserving the plaintiff's right of action, and that the pleadings may be so amended as to show the facts, as well at law as in equity.

Among other authorities cited is the case of *Doolittle* v. *Lewis*, 7 Johns. Chy. R. 49, 11 Amer. Dec. 389, in which Chancellor Kent says: "If the party sues as executor or administrator, without probate or taking out letters of administration, the taking them out at any time before the hearing will cure the defect and relate back so as to make the bill good from the beginning. In a light so merely formal is that omission viewed."

In this connection it may be said that generally a subsequent grant of letters testamentary or of administration relates back and renders valid all acts which come within the scope of a rightful executor's or administrator's authority, and which were in their nature beneficial to the estate, or at least such as the parties in interest had no reason to complain of. 7 Ency. L. (1st ed.), pp. 193-4.

In the case at bar, the plaintiff, who was supposed to be the duly appointed administrator of the deceased, was acting not only in the interest of, but at the instance of, the party who was alone interested in the estate.

As the judgment complained of must be reversed upon other grounds, it is unnecessary to consider the propriety of the court's action in entering the same at the time and under the circumstances that it did. When the case goes back the plaintiff can, before another trial, amend his declaration so as to have the suit proceed in the name of J. B. Kiser, sheriff of Wise county, and as such administrator of C. W. Osborne, deceased.

For the errors pointed out in the instructions, the judgment must be reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed.*