# CIRCUIT COURT OF SCOTT COUNTY

Janice Raymer

v.

James Allen Sampson

April 24, 1997

Case No. CL96-98

By Judge Ford C. Quillen

The issue before this Court is the plaintiff's motion for a new trial. The Court, after reviewing all motions, states that the verdict should be set aside for the following reasons.

During voir dire, the counsel for defendant stated, "If the Court were to instruct you at the conclusion of the case that if you believe from the evidence that Ms. Raymer, in the *slightest extent possible*, contributed to this accident and *if the Court further instructed you that the law of Virginia* required you as jurors in that situation to return a verdict for the defendant, would any of you refuse to do that?" (Emphasis added.) Counsel for the defendant further stated, "Can I assume by your silence that your answer is no?"

This erroneous definition of contributory negligence only having to be in the "slightest extent possible" is further compounded in the closing argument, when defense attorney stated, "if you could think up fifty reasons that this wreck happened, and if you said, I think [the defendant] is responsible for forty-nine of those, but *I think [the plaintiff] is responsible for one of them, that is enough, under the law of Virginia, to require you to return a verdict in favor of [the defendant],* because the law in our Commonwealth does not allow a person who is contributorily negligent, partially at fault themselves, from recovery." (Emphasis added.)

The Court feels that these misstatements to the jury regarding the law of contributory negligence were so prejudicial and misleading as to create a manifest injustice.

The Court cites and provides to counsel the cases of *Yeary v. Holbrook*, 171 Va. 266 (1938), and *Lerwill v. Regent Van & Storage, Inc.*, 217 Va. 490 (1976), which are the leading cases on this matter and are cited in the Model Instructions. In the *Yeary* Case, the Court enunciates the principle, that *to use a minimizing statement in any degree is incorrect for the law of contributory negligence.* The Court further states that the negligence of the plaintiff must be a *substantial factor in contributing to the injury before such negligence will bar his recovery.*

As an example, the Court states that the language *"in the slightest degree"* is misleading. The Court further cites that such phrases as *"in any degree," "in any particular," "however slight"* are erroneous and not a proper statement of the law.

The reason this statement is wrong in regard to negligence or contributory negligence is that the act of negligence must be more than merely *trivial*; it must be a contributing cause of the accident. The Court cites the case of *Clinchfield Coal Corp. v. Osborne's Adm'r*, 114 Va. 13 (1912), that "The language *'slightest degree'* is a departure from that heretofore employed and approved by this court, and should not have been used. It was calculated to mislead and to visit upon the person injured all the consequences of the defendant's negligence, although the short-coming of the plaintiff may have been so *trivial* as to have really been without appreciable effect." (Emphasis added.)

In the case of *Lerwill v. Regent Van & Storage, Inc.*, 217 Va. 490 (1976), the court states, "to bar plaintiff's recovery on the grounds of contributory negligence, [defendant] had the burden of proving that the plaintiff's negligence was *substantial* and such that without it the accident would not have occurred." *Id.*, at 496 (emphasis added).

For the reasons given herein, the Court grants a new trial in this matter.