COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Russell and AtLee
Argued at Williamsburg, Virginia


ROBERT KING VIA, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 0508-18-1          JUDGE RICHARD Y. ATLEE, JR.
                                          JULY 9, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Dean W. Sword, Jr., Judge Designate

Charles E. Haden for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


A jury of the Circuit Court of the City of Hampton ("trial court") convicted appellant

Robert King Via, Jr. of breaking and entering, conspiracy to commit robbery, and the use of a

firearm in the commission of a felony.[1]  The sole issue on appeal is whether the trial court

abused its discretion in precluding Via from calling two defense witnesses, Christopher Martin

and Ashley Aaron Watkins, at his trial.  He argues their exclusion "deprive[d] Via of his

constitutional right to call forth evidence in his favor."  For the following reasons, we find that

Via failed to preserve this objection and affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This case has been tried many times.  After the first trial, it was appealed to this Court, and ultimately to the Supreme Court, which reversed on grounds not at issue in this appeal.  Via v. Commonwealth, 288 Va. 114 (2014).  Upon remand, the first retrial resulted in a mistrial on all but one of the charges because the jury could not reach a verdict.  Another trial for the remaining counts resulted in a hung jury.  The final trial resulted in Via's convictions, and the instant appeal followed.

I. BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the party who prevailed before the circuit court. Clanton v. Commonwealth, 53 Va. App. 561, 564 (2009) (*en banc*). The facts of Via's underlying crimes are immaterial to the issue before us. As such, we only address those facts that are essential to the matters at issue in this appeal.

At the trial that resulted in the instant appeal, the trial court, upon Via's counsel's motion, ordered the sequestration of witnesses. During a recess, Via's counsel approached two defense witnesses, Martin and Watkins, with transcripts of their testimony from prior trials. The trial court had repeatedly told Via's counsel not to communicate *ex parte* with witnesses in an attempt to refresh their recollection of previous testimony. When court reconvened, the Commonwealth raised an objection to both Martin and Watkins testifying because Via's counsel had communicated with them outside of the courtroom regarding their anticipated testimony. The trial court agreed, finding that Via's counsel had violated its sequestration order, and barred the witnesses from testifying.[2]

Via's counsel responded that this was a misunderstanding and not an attempt to encourage the witnesses to offer consistent testimony. He argued that his actions did not intentionally violate the sequestration rule and that he believed the practice of refreshing witness recollection under these circumstances was customary. He stated as follows:[3]

> Your Honor, I would proffer that I made my motion for separation
> Monday, January 8. Neither of those witnesses were present on

_____

[2] Because we find that this error was not preserved, we do not rule on the trial court's assessment that counsel violated an order based on Code § 19.2-265.1 sequestration rules or whether it erred in barring the witnesses' testimony on those grounds. However, we note that Virginia has long permitted a witness to refresh his recollection by referring to a transcript of his prior testimony, even while on the witness stand. Burns v. Gagnon, 283 Va. 657, 679 (2012); Portsmouth Street R. Co. v. Peed, 102 Va. 662, 676 (1904).

[3] We include the entirety of his argument since our decision in this matter rests on what Via's counsel omitted in his argument to the trial court.

that day. They had not been subpoenaed to appear until today's date. And so the first opportunity -- I simply sought in my conversation with them -- simply approached them during the recess and said please review your testimony from the prior trial, this is -- so it's fresh in your memory, and simply gave them the transcripts. That's it.

I certainly did not discuss what other witnesses have testified to. I'd never do that. I didn't -- I was not under the impression that that violated any kind of sequestration rule. In fact, it has been my observation that in the prior trials involving this specific defendant, Mr. Via, the prosecutor in the two prior trials, Mr. Scott Alleman would routinely provide the testimony -- transcripts from prior testimony during the course of the trial to make sure the witnesses were fresh in their memory. I had no objection to that. It appeared to me proper because, you know, when something extends this matter's been going on for years and it's hard for a person to remember what he testified to back in 2012 or 2016.

. . . .

And so all I did was simply invite the persons to review their trial testimony and that's it. And my impression was that was the practice of this court, because that's what I observed and I was -- certainly did not intend to violate any kind of rule, and I certainly wasn't seeking to inform the witnesses about what other persons have said so you can try to counter that. Nothing of that sort. Just simply refresh your memory about what you yourself have said so you don't -- you know, you don't forget what you said before and contradict yourself. So I didn't tell them that specifically, but that's the purpose, simply refresh your memory. And so if I have violated the court's rule, it was done so inadvertently. It was certainly not my intention to do any sort of underhanded thing or anything improper. I thought I was acting in a proper way. At least in my experience, that is a routine practice. At least -- it certainly would be improper if I were to try to tell the witness -- sequestered witnesses what it is that they have said, what other witnesses have said and said to be prepared to counter those. That would be wrong. I can say I can recollect, you know, previous proceedings, Detective Gainer would be talking with other witnesses -- defense witnesses. He testified about conversations he had in the hallway. You know, this is after they've been sequestered.

The trial court nonetheless found that Via's counsel had violated the sequestration order and

barred Martin's and Watkins's testimony. The trial court held that Via's counsel engaged in

conduct which the court had specifically prohibited. Additionally, it noted that by approaching the witnesses with their prior testimony, counsel was "tacitly saying this is what I expect you to testify to." After this ruling, Via's counsel proffered what each witness would have testified to.[4] Ultimately, the trial court convicted Via of breaking and entering, conspiracy to commit robbery, and the use of a firearm in the commission of a felony. Via received a sentence of 23 years and one day in prison with three years and one day suspended. This appeal followed.

## II. ANALYSIS

Via argues on appeal that excluding Martin's and Watkins's testimony violated his rights under the Virginia Constitution and Sixth Amendment to the United States Constitution to call forth evidence in his favor. Va. Const. art. I, § 8; U.S. Const. amend. VI. Yet, he failed to raise any of these issues at trial. Instead, counsel's argument concerned only why he believed he did not intentionally violate the trial court's sequestration order or otherwise act improperly.

Under Rule 5A:18, "[t]he Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Masika v. Commonwealth, 63 Va. App. 330, 333 (2014) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998)). Although this Court will consider arguments that counsel failed to preserve when there is "good cause shown" or it "enable[s] the Court of Appeals to attain the ends of justice," Rule 5A:18, Via presented no such argument to this Court. He also did not explain, until questioned at oral argument before this Court, that his failure to preserve the issue was the result of an unfortunate confluence of transcription errors, counsel's hearing deficiencies, and other mistakes.[5] Because Via failed to

---

[4] Martin would have ostensibly provided an alibi for Via. Watkins would have offered impeachment testimony regarding a jailhouse witness for the prosecution.

[5] For the first time at oral argument before this Court, Via's counsel contended that he in fact did make this argument, but that it mistakenly took place during an off-the-record discussion at the bench and thus did not appear in the transcripts. Yet, since the record contains no

preserve the argument he presents on appeal, and "has failed to prove that the record affirmatively establishes that an element of the offense did not occur or that he was convicted of a non-offense, we hold that no manifest injustice has resulted from [his] conviction," <u>Brittle v. Commonwealth</u>, 54 Va. App. 505, 520 (2009), as required by the "ends of justice" exception. As a result, we do not consider his arguments.

### III.  CONCLUSION

Via failed to present the arguments he makes on appeal before the trial court. He neither argues for nor satisfies the criteria for the "ends of justice" exception to Rule 5A:18. As such, he has failed to preserve the issues presented in his assignment of error.

<u>Affirmed.</u>

---

indication of this, and he failed to note or explain the discrepancy in his Petition or Brief to this Court (which require that appellant specifically note where an issue was preserved, Rules 5A:12(c)(1) and 5A:20(c)), we cannot say it was preserved. <u>See</u> <u>Justis v. Young</u>, 202 Va. 631, 632 (1961) (noting that appellant bears burden of presenting a sufficient record upon which the Court of Appeals can determine that the trial court erred).