# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CITY OF DANVILLE v. THORNTON.

January 13, 1910.

Absent, Buchanan, J

1. ELECTRICITY—*Uninsulated Wires—Injury to Third Persons.*—It is the duty of a company maintaining wires carrying a high voltage of electricity to keep them perfectly insulated at places where others have the right to go for work, business or pleasure, and to exercise the utmost care to keep them safe at such places; and the fact that it is expensive or inconvenient to so insulate them is immaterial. The relation of master and servant need not exist between the company and the party.

2. ELECTRICITY—*Contact With Wires—Contributory Negligence.*—One who, in the course of his employment, is brought into close proximity with electrical wires, is not guilty of contributory negligence by coming in contact therewith, unless done unnecessarily, or without proper precautions for his safety. And when the wires, if properly insulated, would not be a source of danger, such person is only bound to look for patent defects, and not for latent defects. A person who touches an electric wire, from which the insulation is worn off, if he does it in ignorance of the nature and condition of the wire, is not negligent.

3. PLEADING—*Contributory Negligence of Plaintiff.*—In an action to recover for personal injuries, it is not necessary in this State for the plaintiff to negative his own contributory negligence in his declaration.

4. INSTRUCTIONS—*Different Theories—How Presented.*—It is not error to give an instruction which states only the plaintiff's theory of a case, where other instructions given for the defendant fully state his theory, and the jury are told that the instructions given in the case are the instructions of the court, and must all be read together.

5. APPEAL AND ERROR—*Disputed Facts—Verdicts.*—A plaintiff in error stands as a demurrant to the evidence, and where the questions of fact involved are so seriously controverted that reasonable men might honestly differ in their conclusions, the verdict of the jury must be upheld.

Error to a judgment of the Corporation Court of the city of Danville in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The following instructions were given by the court:

### *Plaintiff's Instructions.*

No. 1. "The court instructs the jury that·if they believe from the evidence that on June 23, 1908, the defendant maintained an electric plant for lighting its streets, and for the purpose of furnishing electricity for private lighting and motive power, with its wires strung upon poles along Craghead street, and other streets, carrying dangerous currents of electricity; that the Danville Railway and Electric Company, by consent of defendant, so planted its poles along said Craghead street that they projected upward among the wires of defendant, dangerously charged with electricity as aforesaid; and that said defendant city required the poles of the said street railway company, projecting upward among its own dangerous wires as aforesaid, to be painted, then it was the duty of the defendant to use care commensurate with the danger and consistent with the practical conduct of its business, to maintain and inspect its said wires in order to keep them properly insulated at the top of the pole of the said Danville Railway and Electric Company on the west side of Craghead street, and opposite the freight depot of the Southern Railway Company, so as to protect such persons as might lawfully go upon said pole for the purpose of painting it, and who might while there accidentally come in contact with said wires, from injury by the currents of electricity on the said wires, and it is for the jury to decide, from the evidence, whether defendant city performed its duty in this respect, and whether, if it had used such care in maintaining and inspecting its wires at the top of the

said poles where plaintiff was injured, the alleged defects of said wires could have been discovered and remedied."

No. 2. "The court instructs the jury that in the erection or construction of its poles and wires carrying dangerous currents of electricity, it was the duty of defendant to use such care as was commensurate with the danger in so locating its poles and in so stringing its wires, that contact with said dangerous wires might be avoided so far as could be reasonably anticipated, and so far as would be consistent with the practical conduct of its business of lighting its streets and furnishing electricity for other purposes, but this instruction is to be read in connection with the other instructions."

### Defendant's Instructions.

No. 1. "The court instructs the jury:

"That the burden rests upon the plaintiff to show by a preponderance of evidence every fact necessary to hold the defendant city liable for the injury complained of. Such evidence must show more than the probability of a negligent act. A verdict cannot be found on mere conjecture, but there must be affirmative and preponderating proof that the negligence of the defendant was the proximate cause of the injury of which the plaintiff complains, or that its negligence concurred with that of the Danville Railway and Electric Company in producing the injury."

No. 3. "The court further instructs the jury:

"That the burden is on the plaintiff of proving a want of diligence and care commensurate with the danger of operating and maintaining wires for the purpose of carrying electric currents to furnish heat and light on the part of the defendant city, and on the defendant city to prove want of ordinary care on the part of the plaintiff contributing to his injury, but if plaintiff's evidence discloses his own contributory negligence, or it may be inferred from all the circumstances of the case, it bars his recovery, no matter where the burden rests."

No. 4. "The court further instructs the jury:

"That if they believe from the evidence that the plaintiff was of sufficient intelligence, capacity and experience to have seen or detected any defects or improper insulation in the wires of the defendant city, at or near the pole, where he is alleged to have been hurt, by the exercise of ordinary care, and that by the exercise of such ordinary care and diligence he could have avoided the accident complained of under the circumstances of this case, then they must find for the defendant."

No. 5. "The court instructs the jury:

"That if they believe from the evidence that the plaintiff, Elmer T. Thornton, was of sufficient intelligence, capacity and experience to know the probable danger of coming in contact, while in a state of profuse perspiration, with the wires upon or near the pole on Craghead street in Danville, upon which he was alleged to have been at the time of his alleged injury, and if they further believe from the evidence that he was of sufficient intelligence, capacity and experience to know his duty to avoid them for his protection, and that he negligently failed to avoid them, then his contributory negligence will bar his recovery, and they must find for the defendant."

No. 6. "The court further instructs the jury:

"That if they believe from the evidence that the plaintiff, Thornton, on the day of the alleged accident, climbed the said pole of the Danville Railway and Electric Company, and voluntarily attempted to go in and among the wires of the defendant city, strung at or near the said pole, for the purpose of painting said pole, and attempted to go in and among said wires to a greater extent than was necessary, or if necessary so to go, failed at the time of the accident to exercise ordinary care to keep from coming in contact with said wires, and by the failure to exercise such ordinary care, came in contact with or fell upon said wires, and was thereby injured, then they are instructed that such failure to exercise ordinary care on

his part will prevent plaintiff's recovery in this action, and they must find for the defendant."

No. 7. "The court further instructs the jury:

"That the city is not an insurer against accidents from wires erected and maintained by it upon its streets for the purpose of conveying electric currents for light and power, and in order to hold it liable for said wires or any of them being improperly insulated, or for defects in the insulation of same, it must be shown that the city had actual or constructive notice of the defects or of the imperfect insulation of same whereby the accident is alleged to have been caused, and had reasonable time to repair or guard against any accident that might reasonably be expected to result from said defect in the insulation of said wires, or from the imperfect insulation thereof, after having such notice, and, that by constructive notice is meant that the defect or imperfect insulation by which the injury is alleged to have been caused had been so open and notorious, and continued for such a length of time before the injury that the city, by its proper officers, exercising diligence and care commensurate with the danger, should have acquired knowledge of such defect. And if, therefore, the jury believe from the evidence that the city had no actual knowledge of such defect in such wires, or of the imperfect insulation thereof at or near the pole on Craghead street at which the accident to the plaintiff is alleged to have occurred, and that the defect in, or imperfect insulation of, said wires had not remained so open and notorious for a sufficient length of time as that the city, by the exercise of such diligence and care as were commensurate with the danger, should have known of their existence, and had time to repair the same or take such proper diligence and care to prevent such injury as might be expected from said defect in, or improper insulation of, said wires, then they will find for the defendant."

No. 8. "The court instructs the jury:

"That if they believe from the evidence in this case that the defendant city had purchased and strung wires all along Crag-

head street at or near the point where the accident to the plaintiff is alleged to have occurred, of standard quality and efficiency, and that said wires were insulated according to the standard of electricians and electrical companies generally, and that at the time of the accident alleged to have happened to the plaintiff said wires were properly insulated according to the standard of effective insulation generally in use and accepted by electricians and electrical companies, and that the insulation on said wires with which said plaintiff is alleged to have come in contact is not defective and was in the condition of efficiency set by the standard adopted and used by electricians and electrical companies generally, that then the defendant city had performed the duties imposed upon it by law and they must find for the defendant, although they may further believe from the evidence that the wires of the said defendant passed at and near the said pole of the Danville Railway and Electric Company, and that the poles of the defendant city were not high enough above the pole at which the plaintiff, Thornton, was hurt, to cause the wires of the city to be above and beyond said pole, and although they may further believe from the evidence that the plaintiff, Thornton, exercised ordinary care and caution in protecting himself from contact with said wires."

No. 9. "The court further instructs the jury:

"That the defendant city is not required under the law to use any particular methods and means of insulation, nor is it required to adopt any particular standard used by any particular company or corporation manufacturing and using electricity; but if said defendant city has adopted and used the standard recognized as efficient among electricians and those manufacturing and using electricity generally, that then said defendant city has complied with the requirements of the law and they must find for the defendant, unless they believe from the evidence that one or more of its wires at or near the pole at which the accident complained of is alleged to have occurred was defective or improperly insulated, unless they further be-

lieve from the evidence that the plaintiff, Thornton, could, by the exercise of ordinary care, have seen and avoided such defects or improper insulation in time to have avoided coming in contact with said wires, provided they also believe from the evidence that he was of sufficient intelligence, capacity and experience to understand and appreciate such defects, improper insulation or lack of insulation when seen and detected by him."

No. 10. "The court instructs the jury:

"That, although they may believe from the evidence in this case that the defendant city was guilty of negligence in the manner of maintaining its wires or of not repairing defective insulation, or of lack of insulation in its wires, at or near the pole on Craghead street, on which the accident is alleged to have occurred, and for which plaintiff claims damages in this case, yet the jury are instructed that if they believe from the evidence in the case that the plaintiff was of sufficient capacity, intelligence and experience to appreciate the danger of so doing, that said plaintiff had no right to attempt, while engaged in the painting of said pole, to go in and among said wires if, in so doing, he increased the danger of an accident by coming in contact with them, or any of them, and if from the evidence they believe that the plaintiff did attempt, while painting said pole, to go in and among said wires, and by so doing did increase the danger and chance of an accident, he cannot recover in this case, and the jury must find for the defendant, unless they may believe from the evidence that plaintiff might, consistent with his knowledge, capacity and experience, have reasonably supposed that he could have worked among said wires safely."

No. 11. "The court instructs the jury:

"That the instructions given in this case are the instructions of the court, and they must all be read together."

*Eugene Withers* and *E. Walton Brown,* for the plaintiff in error.

*Julian Meade,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The defendant in error, Thornton, who was the plaintiff below, recovered the judgment under review against the city of Danville in an action for personal injuries.

The first assignment of error calls in question the sufficiency of the declaration, the essential allegations of which are as follows: That the defendant had permitted the Danville Railway and Electric Company to erect its poles on both sides of the streets of the city over which its lines extended, which poles were thirty feet high, and were required by a city ordinance to be kept neatly trimmed and painted; that on the west side of Craghead street the defendant erected its own poles and strung its own wires, heavily charged with electricity, at such height from the surface of the street and in such position that the wires passed along in close proximity to and on both sides of the upper part of the poles of the Danville Railway and Electric Company, touching the poles at some places, and in order to paint them it became necessary to ascend the poles and to go among and be exposed to contact with the defendant's wires over which electric currents flowed; that it was the duty of the defendant, in the construction, maintenance and operation of its system of wires, to use due and proper care to insulate the wires at such places as persons might be reasonably expected to come in contact therewith, so as to prevent injury from such contact, especially to persons engaged in painting the poles of the Danville Railway and Electric Company in obedience to the city ordinance; that the defendant did not discharge its duty in that regard, but negligently failed to properly insulate its wires, and suffered the insulation to be and remain off the wires at or very near a pole of the Danville Railway and Electric Company for the period of a month or more; by reason whereof "the plaintiff, who went to the top of the aforesaid pole . . . among

the wires of the defendant, pursuant to the ordinance and requirement of the defendant, . . . to paint the pole as aforesaid, and while lawfully thereon, performing his duty in that respect, without any negligence on his part, came in contact with the defendant's wires, which were heavily charged with electricity, at the points where the same were insufficiently and improperly insulated, or where the insulation was off," and was greatly shocked and received the severe injuries of which he complains.

The grounds of demurrer relied on are that the declaration shows that the plaintiff was the servant of the Railway and Electric Company, and not of the defendant, between whom and it there was no privity of contract, and to whom the city owed no duty; that it cannot be even inferred that the plaintiff was authorized to go upon the pole in question, either by the city or the Railway and Electric Company; and, moreover, that the declaration shows that the plaintiff was guilty of contributory negligence.

The declaration, by fair inference, plainly shows that the plaintiff was lawfully on the pole about the business of the Railway and Electric Company, which was under obligation to keep it painted; and it is a mistaken view of the law to suppose that the action is dependent upon the existence of the relation of master and servant between the defendant and the plaintiff, or indeed that any contractual relation between the parties is essential to the maintenance of the action.

The general doctrine on the subject will be found in Joyce on Electric Law, sec. 445, where the learned authors say: "A company maintaining electrical wires, over which a high voltage of electricity is conveyed, rendering them highly dangerous to others, is under the duty of using the necessary care and prudence at places where others may have the right to go, either for work, business, or pleasure, to prevent injury. It is the duty of the company, under such conditions, to keep the wires perfectly insulated, and it must exercise the utmost care to main-

tain them in this condition at such places. And the fact that it is very expensive or inconvenient to so insulate them will not excuse the company for failure to keep their wires perfectly insulated. So one, who in the course of his employment, is brought in close proximity to electrical wires, is not guilty of contributory negligence by coming in contact therewith, unless done unnecessarily or without proper precautions for his safety. And when the wires, if properly insulated, would not be a source of danger, such person is only obliged to look for patent defects and not for latent defects. And a person who touches an electric wire, from which the insulation is worn off, if he does it in ignorance of the nature and condition of the wire, is not negligent."

The foregoing is a correct statement of the general rule, and is sustained by the authorities cited. *Mitchell* v. *Raleigh Elec. Co.,* 129 N. C., 166, 39 S. E. 801, 85 Am. St. Rep. 735, 55 L. R. A. 398; *Thomas* v. *Wheeling E. Co.,* 54 W. Va. 395, 46 S. E. 217; *Thornbury* v. *City & E. G. R. Co.,* 65 W. Va. 379, 64 S. E. 358; *Clements* v. *Louisiana Elec. L. Co.,* 44 La. Ann. 692, 11 South. 51, 32 Am. St. 348, 16 L. R. A. 43.

Measured by that standard, the declaration states a good cause of action.

With respect to the suggestion, that the declaration does not negative the plaintiff's contributory negligence, that is not necessary under our practice. (*Interstate R. Co.* v. *Tyree, ante,* p. 38, 65 S. E. 500.) But if the rule were otherwise, the declaration does contain the allegation that the inquiry was inflicted "without any negligence on his part."

The second assignment of error is to the giving of plaintiff's instruction No. 1, the sole ground of objection being that it excludes from the consideration of the jury the defendant's theory of the case, and submits that of the plaintiff only.

It appears that the instructions given on behalf of the defendant cover every aspect of its case; and, finally, the jury are told that the instructions given in the case are the instructions of the court and must all be read together.

The third and last assignment is to the action of the court in overruling the motion of the defendant to set aside the verdict of the jury as contrary to the law and the evidence. The considerations to which our attention is invited under this assignment are threefold: (a) That the evidence shows that the defendant fully discharged its duty in establishing, maintaining and operating its wires; (b) that no notice, actual or constructive, was traced to the defendant of the defects which occasioned the plaintiff's injuries; and (c) that the evidence shows that the plaintiff was guilty of contributory negligence.

Of these contentions, as a whole, it is sufficient to observe that they involve seriously controverted questions of fact, about which reasonable men might honestly differ; and where such is the case the rules applicable to a demurrer to the evidence must control and the verdict of the jury be upheld.

For these reasons the judgment is affirmed.

*Affirmed.*